JUL. 31. 2008 10:23AM    14TH JDC CLERK OF COURT                    NO. 1891    P. 2

GINGER DURIO                          : 14TH JUDICIAL DISTRICT COURT

VS. NO. 2008-003832                   : PARISH OF CALCASIEU

CHASE HOME FINANCE, LLC               : STATE OF LOUISIANA

FILED: 7-11-08                        :

                                      DEPUTY CLERK

## PETITION FOR MONIES DUE

NOW INTO COURT, through undersigned counsel, comes GINGER DURIO, a

domiciliary of the Parish of Calcasieu, State of Louisiana, who respectfully represents:

1.

Made defendant herein is CHASE HOME FINANCE, LLC, a foreign corporation

doing business in the Parish of Calcasieu, State of Louisiana, which may be served

through its registered agent.

2.

Petitioner acquired  full ownership of immovable property located at 3616

Banbury Drive, Lake Charles, Louisiana, in the Parish of Calcasieu, State of Louisiana,

by virtue of a partial partition dated April 14 2005, filed for record at Clerk's file

number 2715480, Book 3166, Page 869, Conveyance Records of Calcasieu Parish,

Louisiana.

3.

Such property was subject to a mortgage in favor of CHASE HOME FINANCE,

LLC.

4.

Foreclosure proceedings were instituted by  CHASE HOME FINANCE, LLC

on July 19, 2005, in the Fourteenth Judicial District Court in the proceedings entitled

"Chase Home Finance LLC vs.  Ginger Marie Durio" bearing docket no. 2005-3703.

During the pendency of such proceedings the home was badly damaged by Hurricane

Rita and a claim was filed with petitioner's homeowner's insurer, Horace Mann.

Foreclosure was stayed by law.

G:\RH\DURIO-0743A\petition.wpd

EXHIBIT

C

5.

On November 4, 2005; $19,872.96 was paid by the insurer, payable jointly to petitioner and CHASE HOME FINANCE, LLC for repairs. The funds were placed in escrow. CHASE HOME FINANCE, LLC was subsequently informed that the property could not be repaired.

6.

Ultimately, petitioner found a purchaser for such property, and on September 14, 2007, CHASE HOME FINANCE, LLC issued a payoff of $171,640.49 on the loan.

7.

Petitioner sold the property on September 20, 2007 and the loan payoff was sent to CHASE HOME FINANCE, LLC's legal representative representing CHASE HOME FINANCE, LLC in the foreclosure suit, and actually received by CHASE HOME FINANCE, LLC's legal representative on October 3, 2007.

8.

Although petitioner's property was already sold and CHASE HOME FINANCE, LLC had received the payoff of it's loan, on October 12, 2007, CHASE HOME FINANCE, LLC used petitioner's insurance funds in its escrow account to pay insurance premiums for a full year in advance, purportedly to Horace Mann, against whom petitioner had a pending lawsuit for failure to pay the full amount of the homeowner's insurance claim for the damages sustained in Hurricane Rita.

9.

Verbal demand was made for refund of the funds held by CHASE HOME FINANCE, LLC in escrow numerous times subsequent to October 3rd, to no avail. Finally, written demand for release of such insurance proceeds being held by CHASE HOME FINANCE, LLC was made by petitioner on November 12, 2007, to no avail. Additional written demand was made for the funds through undersigned counsel to CHASE HOME FINANCE, LLC in writing on January 23, 2008, March 13, 2008, and

June 13, 2008, all to no avail. Petitioner has also filed a formal complaint against
CHASE HOME FINANCE, LLC with The Office of the Comptroller of the Currency
(OCC), which has not garnered any results.

10.

Notwithstanding such repeated demands for refund of petitioner's funds, which
are unquestionably due, CHASE HOME FINANCE, LLC still unreasonably and
capriciously refuses to refund the full amount of the proceeds, refuses to pay interest on
the funds held in escrow as required by LSA-R.S. 6:337, and insists that petitioner is
responsible for the insurance premium it arbitrarily paid without petitioner's
knowledge or consent *after* the home was sold and *after* CHASE HOME FINANCE,
LLC's mortgage had been paid in full.

11.

LSA-R.S. 6:337 also provides that the lender shall "cooperate fully" with the
customer in releasing funds in a "timely" manner. By no stretch of the imagination can
the over 10 months since the payoff of CHASE HOME FINANCE, LLC's mortgage be
deemed "timely" and CHASE HOME FINANCE, LLC's lack of cooperation is well
documented. Further, LSA-C.C. Art. 2303 supports an award of pre-judgment judicial
interest.

12.

Petitioner desires and is entitled to judgment in her favor against CHASE HOME
FINANCE, LLC for refund of the full amount of the Horace Mann insurance proceeds
in the sum of $19,872.96, plus judicial interest accumulated since the date CHASE
HOME FINANCE, LLC cashed such check in October, 2006.

13.

Petitioner, a single working mother, has suffered extreme financial hardship,
mental anguish, worry, and emotional harm as a result of CHASE HOME FINANCE,
LLC's unreasonable, arbitrary and capricious refusal to refund petitioner's funds for

over ten months as of the date of filing of this petition. CHASE HOME FINANCE,

LLC's bad faith is evidenced by its refusal to refund petitioner even the amount which

CHASE HOME FINANCE, LLC does not dispute is owed petitioner.

14.

Petitioner desires and is entitled to judgment against CHASE HOME FINANCE,

LLC to compensate petitioner for her mental and emotional pain and suffering.

15.

Petitioner alleges that CHASE HOME FINANCE, LLC, has violated the Truth in

Lending Act by its failure to refund petitioner's monies, and desires and is entitled to

the imposition of any applicable statutory penalties, attorney's fees and court costs.

WHEREFORE, GINGER DURIO prays that defendant be cited in terms of law to

appear and answer herein, and that there be judgment herein in favor of petitioner and

against CHASE HOME FINANCE, LLC as prayed for herein, together with costs of

Court, prejudgment interest, statutory penalties, attorneys fees and for all such other

relief, both general and special, in law and in equity, to which petitioner may show

herself justly entitled.

Respectfully Submitted,

LILES & REDD, L.C.

_Henry Liles_

HENRY R. LILES (8893)
940 Ryan Street
Lake Charles, LA 70601
(337) 433-8529

PLEASE SERVE

CHASE HOME FINANCE, LLC
Through its registered agent for service of process
CT Corporation
5615 Corporate Blvd., Ste. 400B
Baton Rouge, LA 70808

G:\23\DURIO-07-336\petition.wpd

Suit:2008-003832,Date:20080711

GINGER DURIO                          : 14TH JUDICIAL DISTRICT COURT

VS. NO. _2008-3832_                   : PARISH OF CALCASIEU

CHASE HOME FINANCE, LLC               : STATE OF LOUISIANA

FILED: _____7-11-08_____              : _____
                                        DEPUTY CLERK

STATE OF LOUISIANA

PARISH OF CALCASIEU

    Before Me, the undersigned Notary Public, personally came and appeared:

    GINGER DURIO

who, after being duly sworn, did depose and declare that:

    She has read the foregoing Petition and all of the allegations contained therein

are true and correct to the best of her knowledge, information and belief.

                        _____
                        GINGER DURIO

    SWORN TO AND SUBSCRIBED Before Me, Notary, this __9__ day of
July, 2008.

                        _____
                        NOTARY PUBLIC    # 52130

G:\RP\DURIO-07-534\petition.wpd

Suit:2008-003832 Date:20080711

H. LYNN JONES II
Clerk of Court and Ex-Officio Recorder
Fourteenth Judicial District of Louisiana
Parish of Calcasieu
Lake Charles, Louisiana 70601

BEVERLY RAGAS                                    Post Office Box 1030
Chief Deputy                          Lake Charles, Louisiana 70602
                                                (337) 437-3550

JULY 14, 2008.

MR. HENRY R. LILES
LILES & REDD
940 RYAN STREET
LAKE CHARLES, LA. 70601

RE: GINGER DURIO
VS: CHASE HOME FINANCE LLC
NO: 2008-3832

Dear MR. LILES,

We are holding PETITION FOR MONIES DUE - HOLDING FOR ADDITIONAL ADVANCE

DEPOSIT_____ for a deposit of $75.00_____.

Your attention is called to portion of R.S. 13:842 which states as follows:

    Whenever the costs have exhausted the amount of the
    original advance deposit, the Clerk may refuse to
    perform any further function in the proceeding until
    the additional costs for the function have been paid,
    in accordance with the fees set forth in R.S. 13:841.

PLEASE RETURN THIS STATEMENT WITH PAYMENT IN ORDER THAT WE MAY PROCESS
YOUR PLEADING CORRECTLY.

Thank You,

Cynthia Allen

Deputy Clerk of Court

Suit:2008-003832,Date:20080711

Form: 1600                    CITATION


DURIO, GINGER                    No: 2008-003832    Div: D

VERSUS                           14th Judicial District Court
                                 State of Louisiana
CHASE HOME FINANCE LLC           Parish of Calcasieu

THE STATE OF LOUISIANA TO:
CHASE HOME FINANCE, LLC    THRU REGISTERED AGENT
CT CORPORATION
5615 CORPORATE BLVD., STE 400b
BATON ROUGE, LA 70808

Parish of EAST BATON ROUGE            , Louisiana, defendant - in said suit:

   You are hereby cited to appear before said Court, for said Parish, and to
comply with the demand contained in the petition of GINGER DURIO

against you, certified copy of which petition accompanies this citation, or
file your answers thereto in writing in the office of the Clerk of Court, at
the Court House, in the City of Lake Charles, in said Parish, within fifteen
(15) days after the service hereof, under penalty of default.




     Witness the Honorable Judges of said Court at Lake Charles, La.
this 11TH day of   JULY   , A.D., 2008.

Issued and delivered          JULY 25            , A.D., 2008.

                                          Deputy Clerk of Court

-------------------------------------------------------------------
                     SERVICE INFORMATION

Received on the _____ day of _____, 20____ and on the _____ day of

_____, 20____ served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his

domicile in the parish in the hands of _____,
a person apparently over the age of seventeen years, living and residing in
said domicile and whose name and other facts connected with this service, I
learned by interrogating the said person, said party herein being absent from
his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____, 20____.


SERVICE   $_____        By: _____
                                 Deputy Sheriff
MILEAGE   $_____

TOTAL     $_____

Party No. P1/SZ_____   [ File Copy   ]

AUG. 13. 2008 10:29AM     14TH JDC CLERK OF COURT          NO. 2129   P. 1

Form: 1600                          *Atta : Jeffery Matthews*

                              CITATION

DURIO, GINGER                          No: 2008-003832     Div: D

        VERSUS                         14th Judicial District Court
                                       State of Louisiana
CHASE HOME FINANCE LLC                 Parish of Calcasieu

                                                    AUG 0 5 2008

                                       FILED

THE STATE OF LOUISIANA TO:
CHASE HOME FINANCE, LLC     THRU REGISTERED AGENT    *Sandra G Domingue*
CT CORPORATION
5615 CORPORATE BLVD., STE 400b                      Deputy Clerk of Court
BATON ROUGE, LA 70808                               Calcasieu Parish, Louisiana

Parish of EAST BATON ROUGE                 , Louisiana, defendant - in said suit:

     You are hereby cited to appear before said Court, for said Parish, and to
comply with the demand contained in the petition of GINGER DURIO

against you, certified copy of which petition accompanies this citation, or
file your answers thereto in writing in the office of the Clerk of Court, at
the Court House, in the City of Lake Charles, in said Parish, within fifteen
(15) days after the service hereof, under penalty of default.

     Witness the Honorable Judges of said Court at Lake Charles, La.
this 11TH day of _JULY_ , A.D., 2008.

Issued and delivered _____ JULY 25 _____ , A.D., 2008.

                                       Deputy Clerk of Court

------------------------------------------------------------

                         SERVICE INFORMATION

Received on the ____ day of _____ , 20____ and on the _____ day of
_____ ____ the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his
domicile in the parish in the hands of _____ ,
a person apparently over the age of seventeen years, living and residing in
said domicile and whose name and other facts connected with this service, I
learned by interrogating the said person, said party herein being absent from
his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ , 20____ .

SERVICE    $_____               By: _____
                                         Deputy Sheriff
MILEAGE    $_____

TOTAL      $_____

Party No. P1/SZ _____     [ Original Copy ]

                                          Suit:2008-003832,Date:20080725

JUL. 31. 2008 10:23AM   14TH JDC CLERK OF COURT                    NO. 1891   P. 2

GINGER DURIO                          : 14ᵀᴴ JUDICIAL DISTRICT COURT

VS. NO. 2008-003832                   : PARISH OF CALCASIEU

CHASE HOME FINANCE, LLC               : STATE OF LOUISIANA

FILED: 7-11-08                        :
                                      DEPUTY CLERK

## PETITION FOR MONIES DUE

NOW INTO COURT, through undersigned counsel, comes GINGER DURIO, a

domiciliary of the Parish of Calcasieu, State of Louisiana, who respectfully represents:

1.

Made defendant herein is CHASE HOME FINANCE, LLC, a foreign corporation

doing business in the Parish of Calcasieu, State of Louisiana, which may be served

through its registered agent.

2.

Petitioner acquired full ownership of immovable property located at 3616

Banbury Drive, Lake Charles, Louisiana, in the Parish of Calcasieu, State of Louisiana,

by virtue of a partial partition dated April 14 2005, filed for record at Clerk's file

number 2715480, Book 3166, Page 869, Conveyance Records of Calcasieu Parish,

Louisiana.

3.

Such property was subject to a mortgage in favor of CHASE HOME FINANCE,

LLC.

4.

Foreclosure proceedings were instituted by CHASE HOME FINANCE, LLC

on July 19, 2005, in the Fourteenth Judicial District Court in the proceedings entitled

"Chase Home Finance LLC vs. Ginger Marie Durio" bearing docket no. 2005-3703.

During the pendency of such proceedings the home was badly damaged by Hurricane

Rita and a claim was filed with petitioner's homeowner's insurer, Horace Mann.

Foreclosure was stayed by law.

G:\RIP\DURIO-07-638\petition.wpd

PROCESSED
DATE 7-25-08

**EXHIBIT**

A

Suit:2008-003832,Date:20080711

5,

On November 4, 2005; $19,872.96 was paid by the insurer, payable jointly to petitioner and CHASE HOME FINANCE, LLC for repairs. The funds were placed in escrow. CHASE HOME FINANCE, LLC was subsequently informed that the property could not be repaired.

6.

Ultimately, petitioner found a purchaser for such property, and on September 14, 2007, CHASE HOME FINANCE, LLC issued a payoff of $171,640.49 on the loan.

7.

Petitioner sold the property on September 20, 2007 and the loan payoff was sent to CHASE HOME FINANCE, LLC's legal representative representing CHASE HOME FINANCE, LLC in the foreclosure suit, and actually received by CHASE HOME FINANCE, LLC's legal representative on October 3, 2007.

8.

Although petitioner's property was already sold and CHASE HOME FINANCE, LLC had received the payoff of it's loan, on October 12, 2007, CHASE HOME FINANCE, LLC used petitioner's insurance funds in its escrow account to pay insurance premiums for a full year in advance, purportedly to Horace Mann, against whom petitioner had a pending lawsuit for failure to pay the full amount of the homeowner's insurance claim for the damages sustained in Hurricane Rita.

9.

Verbal demand was made for refund of the funds held by CHASE HOME FINANCE, LLC in escrow numerous times subsequent to October 3rd, to no avail. Finally, written demand for release of such insurance proceeds being held by CHASE HOME FINANCE, LLC was made by petitioner on November 12, 2007, to no avail. Additional written demand was made for the funds through undersigned counsel to CHASE HOME FINANCE, LLC in writing on January 23, 2008, March 13, 2008, and

June 13, 2008, all to no avail. Petitioner has also filed a formal complaint against CHASE HOME FINANCE, LLC with The Office of the Comptroller of the Currency (OCC), which has not garnered any results.

10.

Notwithstanding such repeated demands for refund of petitioner's funds, which are unquestionably due, CHASE HOME FINANCE, LLC still unreasonably and capriciously refuses to refund the full amount of the proceeds, refuses to pay interest on the funds held in escrow as required by LSA-R.S. 6:337, and insists that petitioner is responsible for the insurance premium it arbitrarily paid without petitioner's knowledge or consent *after* the home was sold and *after* CHASE HOME FINANCE, LLC's mortgage had been paid in full.

11.

LSA-R.S. 6:337 also provides that the lender shall "cooperate fully" with the customer in releasing funds in a "timely" manner. By no stretch of the imagination can the over 10 months since the payoff of CHASE HOME FINANCE, LLC's mortgage be deemed "timely" and CHASE HOME FINANCE, LLC's lack of cooperation is well documented. Further, LSA-C.C. Art. 2303 supports an award of pre-judgment judicial interest.

12.

Petitioner desires and is entitled to judgment in her favor against CHASE HOME FINANCE, LLC for refund of the full amount of the Horace Mann insurance proceeds in the sum of $19,872.96, plus judicial interest accumulated since the date CHASE HOME FINANCE, LLC cashed such check in October, 2006.

13.

Petitioner, a single working mother, has suffered extreme financial hardship, mental anguish, worry, and emotional harm as a result of CHASE HOME FINANCE, LLC's unreasonable, arbitrary and capricious refusal to refund petitioner's funds for

C:\RS\UIRTO-07-634\petition.wpd

over ten months as of the date of filing of this petition. CHASE HOME FINANCE,

LLC's bad faith is evidenced by its refusal to refund petitioner even the amount which

CHASE HOME FINANCE, LLC does not dispute is owed petitioner.

14.

Petitioner desires and is entitled to judgment against CHASE HOME FINANCE,

LLC to compensate petitioner for her mental and emotional pain and suffering.

15.

Petitioner alleges that CHASE HOME FINANCE, LLC, has violated the Truth in

Lending Act by its failure to refund petitioner's monies, and desires and is entitled to

the imposition of any applicable statutory penalties, attorney's fees and court costs.

WHEREFORE, GINGER DURIO prays that defendant be cited in terms of law to

appear and answer herein, and that there be judgment herein in favor of petitioner and

against CHASE HOME FINANCE, LLC as prayed for herein, together with costs of

Court, prejudgment interest, statutory penalties, attorneys fees and for all such other

relief, both general and special, in law and in equity, to which petitioner may show

herself justly entitled.

Respectfully Submitted,

LILES & REDD, L.C.

HENRY R. LILES (8893)
940 Ryan Street
Lake Charles, LA 70601
(337) 433-8529

PLEASE SERVE

CHASE HOME FINANCE, LLC
Through its registered agent for service of process
CT Corporation
5615 Corporate Blvd., Ste. 400B
Baton Rouge, LA 70808

C:\R8\DURIO-07-534\petition.wpd

AUG. 13. 2008 10:29AM    14TH JDC CLERK OF COURT                NO. 2129   P. 1

Form: 1600                *Atta : Jeffery Matthews*

## CITATION

| | |
|---|---|
| DURIO, GINGER | No: 2008-003832    Div: D |
| VERSUS | 14TH Judicial District Court |
| | State of Louisiana |
| CHASE HOME FINANCE LLC | Parish of Calcasieu |

FILED ___ AUG 0 5 2008 ___

THE STATE OF LOUISIANA TO:
CHASE HOME FINANCE, LLC    THRU REGISTERED AGENT
CT, CORPORATION
5615 CORPORATE BLVD., STE 400b
BATON ROUGE, LA 70808

*Sandra G Dominguez*
Deputy Clerk of Court
Calcasieu Parish, Louisiana

Parish of EAST BATON ROUGE            , Louisiana, defendant - in said suit:

You are hereby cited to appear before said Court, for said Parish, and to comply with the demand contained in the petition of GINGER DURIO

against you, certified copy of which petition accompanies this citation, or file your answers thereto in writing in the office of the Clerk of Court, at the Court House, in the City of Lake Charles, in said Parish, within fifteen (15) days after the service hereof, under penalty of default.

Witness the Honorable Judges of said Court at Lake Charles, La. this 11TH day of JULY , A.D., 2008.

Issued and delivered ___ JULY 25 ___ , A.D., 2008.

Deputy Clerk of Court

-------------------- SERVICE INFORMATION --------------------

Received on the ___ day of _____, 20___ and on the ___ day of _____, ___ served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his residence at the time of said service.

RETURNED _____

PARISH OF _____ this ___ day of _____, 20___.

| | | |
|---|---|---|
| SERVICE | $_____ | By: _____ |
| MILEAGE | $_____ | Deputy Sheriff |
| TOTAL | $_____ | |
| Party No. P1/SZ _____ | [ Original Copy] | |

EXHIBIT
B

Suit:2008-003832 Date:20080725